**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**SHARON ANZALDI, PHILLIP DE SALVO, and STEVEN LATIN,**<br><br>        **Defendants.** | **Case No. 11 CR 820**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Sharon Anzaldi's Motions to Quash, Suppress, and Dismiss. For the reasons stated herein, the motions are DENIED.

**I.    FACTUAL BACKGROUND**

On November 17, 2011, Defendants Sharon Anzaldi, (hereinafter, "Anzaldi" or "Defendant") Phillip DeSalvo, and Steven Latin (collectively, the "Defendants") were indicted for conspiring to defraud the United States Department of Treasury by filing false tax returns in violation of Title 18 United States Code, Section 286. The indictment also charged each individual defendant with executing a fraudulent tax return in violation of Title 18 United States Code 287.

The indictment alleges that Defendants participated in a scheme where they collected taxpayers' mortgage, loan, and debt information and used such information to file fraudulent tax

returns. Cumulatively, Defendants filed fourteen fraudulent tax returns which together sought refunds in the amount of $8,497,161.00.

On November 18, 2011, Defendant Anzaldi was arrested and appeared in court in response to her arrest. At this time, Anzaldi refused the court's appointment of counsel through the Federal Defender Program. ECF No. 16.

On August 16, 2012, Anzaldi filed a Motion to Quash the Indictment, a Motion to Suppress, and a Motion to Dismiss the indictment. However, due to Defendant's failure to present such motions pursuant to Local Rule 5.3(b), the Court denied the motions without prejudice. ECF No. 62.

On November 2, 2012, Anzaldi re-filed her motions and properly presented them for the Court's consideration. At a status hearing on December 4, 2012, the Government informed the Court it was relying on a prior response with respect to Anzaldi's November 2012 motions. The Court then granted Anzaldi to one week to file a reply brief, which she filed timely.

## II. ANALYSIS

### A. Motion to Dismiss the Indictment with Prejudice

Defendant argues that the indictment must be dismissed with prejudice because the Court lacks "In Persona Jurisdiction and Subject Matter Jurisdiction." Def.'s Mot. to Quash, Suppress All

Evidence, and Dismiss with Prejudice at 2. Defendant also argues that the indictment is defective because it was unsigned.

Federal Rule of Criminal Procedure 7(c) governs indictments. It instructs that an indictment must be "a plain, concise, and definite written statement of essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). The Seventh Circuit provides that an indictment survives a motion to dismiss if it (1) "states the elements of the crime charged [and] informs the defendant of the nature of the charge so she may prepare a defense" and (2) "enables the defendant to plead the judgment as a bar against future prosecutions of the same offense." *United States v. Harvey*, 484 F.3d 453, 456 (7th Cir. 2007).

As a preliminary matter, the Court here finds the indictment tracks the language of 18 U.S.C. § 286, and 18 U.S.C. § 287 sufficiently. The Court also finds the indictment includes an appropriate amount of information to put Defendant on notice "of the statute[s] which [she] is being charged and the specific way" she allegedly violated those statutes. *Id.* at 456.

### 1. *Subject Matter Jurisdiction*

In her motion, Defendant argues that the indictment must be dismissed for lack of subject matter jurisdiction. At the outset, the Court notes that Defendant's motion (ECF. No. 65) fails to provide any support for the proposition that the Court is without jurisdiction. Because of this, the Court reminds Defendant that it

is within the Court's discretion to refuse to consider such an argument. *See United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008) (stating that "perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority are waived."). Despite this, the Court is mindful that it should liberally construe filings of individuals who proceed *pro se*, (or as Anzaldi prefers to be characterized "*propria persona*"). Accordingly, the Court addresses briefly the merits of Anzaldi's argument.

Subject matter jurisdiction is the "courts' statutory or constitutional power to adjudicate a case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Article III, Section 2 of the United States Constitution provides that "judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority." U.S. CONST. ART. III SEC. 2. Pursuant to this provision, Congress enacted 18 U.S.C. § 3231 which conveys subject matter jurisdiction in criminal cases to federal district courts. It provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

In one of her many filings, Defendant asserts that 18 U.S.C. § 3231 is invalid because Article III, Section 2 does not apply to criminal cases. Defendant is wrong. For starters, the Court notes

that the crux of Defendant's argument lies in a document titled "Judicial & Administrative Notice of Adjudicative Facts," which Defendant has failed to appropriately file on the docket. Notwithstanding this error, Defendant's argument that 18 U.S.C. § 3231 is invalid because it never passed the quorum clause of the Constitution is without merit.  This is because such an argument is foreclosed by the "enrolled-bill rule," which provides that the certification of a bill by the presiding officer of each chamber is "complete and unimpeachable."  *United States v. Small*, --- Fed.Appx. ---, No. 11-1614, 2012 WL 2435585 at * 1 (7th Cir. June 28, 2012) citing 94 CONG. REC. 568 (1948*); Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892).  Moreover, the Supreme Court has long held:

> [T]he judicial power of the government . . . is declared by the second section of the third article [of the United States Constitution] to 'extend to all cases in law and equity arising under the Constitution, the laws of the United States, and treaties made or which shall be made under their authority.'  This provision embraces alike civil and criminal cases arising under the Constitution and law.  Both are equally within the domain of the judicial powers of the United States, and there is nothing in the grant to justify an assertion that whatever power may be extended over a civil case may not be exerted as fully over a criminal one.

*Tennessee v. Davis*, 100 U.S. 257, 263-64 (1879).

Therefore, subject matter jurisdiction in all federal prosecutions comes from 18 U.S.C. § 3231 and there is no question that Article III permits Congress to assign federal criminal cases to federal courts. *See United States v. Krilich*, 209 F.3d 968, 972

(7th Cir. 2000). As such, the Court rejects Anzaldi's argument that the indictment must be dismissed for lack of subject matter jurisdiction.

### *2. Personal Jurisdiction*

Anzaldi also argues that the indictment must be dismissed with prejudice because the Court lacks personal jurisdiction. Anzaldi argues that the Court lacks personal jurisdiction in this case because she is a sovereign of the State of Illinois who is therefore not subject to the jurisdiction of the District Court of the United States. The Court finds such an argument lacks merit.

"[A] district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law." *United States v. Phillips*, 326 Fed.Appx. 400, 400 (7th Cir. 2009). Personal jurisdiction in this case is supplied by the fact that Anzaldi is "within the territory of the United States" and is charged with violating two federal laws - 18 U.S.C. §§ 286 & 287. Thus, the Court rejects Anzaldi's argument that the indictment must be dismissed for lack of personal jurisdiction.

### *3. Unsigned Indictment*

Next, Anzaldi argues that the indictment must be dismissed with prejudice because the copy presented to Defendant was unsigned and therefore was "fatally flawed." Def.'s Mot. to Quash, Suppress All Evidence, and Dismiss with Prejudice at 2. The Court does not

deny that the Federal Rules of Criminal Procedure instruct that indictments are to be signed by both the foreperson of the grand jury and by an attorney for the government. However, the Seventh Circuit and the Supreme Court have held that the absence of such signatures are "technical deficiencies that are not necessarily fatal to the indictment." *United States v. Irorere*, 228 F.3d 816, 830-31 (7th Cir. 2000); Fed. R. Crim. P. 6(c); Fed. R. Crim. P. 7(c)(1).

In this case, while Anzaldi may not have received a copy of the signed indictment, it is clear that the indictment here was signed. ECF No. 4. Moreover, even assuming *arguendo* that the indictment was not signed, this deficiency does not without more, render the indictment void and consequently deprive the Court of jurisdiction as Anzaldi suggests. *See Hobby v. United States*, 468 U.S. 339, 345 (1984); *Frisbie v. United States*, 157 U.S. 160, 163-65 (1895). Thus, the Court denies Anzaldi's Motion to Dismiss the Indictment.

### B. Motion to Suppress

Anzaldi also argues that the Court should suppress all evidence "consisting from the UNSIGNED DEFECTIVE INDICTMENT, UNSIGNED DEFECTIVE ARREST WARRANT, and UNSIGNED GRAND JURY TRUE BILL." Def.'s Mot. to Quash, Suppress All Evidence, and Dismiss with Prejudice at 2 (emphasis in original). Defendant contends suppression is warranted because all evidence has been fraudulently

obtained through "Fruit of the Poisen *[sic]* Tree." *Id.* She also argues that such evidence should be suppressed because the Government is "in Violation of the Substantial Evidence Rule." *Id.*

"A defendant who seeks to suppress evidence bears the burden of making a prima facie showing of illegality." *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). In order to satisfy this burden, a proponent of a motion to suppress must show "definite, specific, detailed, and nonconjectural facts that justify relief." *Id.* "Reliance on vague, conclusory allegations is insufficient." *Id.*

### 1. *Suppression Based on Invalid Arrest*

In her motion, Defendant seems to be arguing that all evidence relating to her arrest must be suppressed because she was arrested without an arrest warrant and therefore was arrested without probable cause. However, both the Supreme Court and the Seventh Circuit have repeatedly held that an arrest warrant is not required for all arrests.

"The standard for arrest is probable cause, defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) had or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). "[W]hile the Court has expressed a preference for the use of arrest warrants when feasible, it has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant." *Id.*

at 113. Moreover, the Supreme Court has held that probable cause is established by an indictment returned by a federal grand jury. *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997); *see also Park Manor Ltd. v. U.S. Dept. of Health and Human Services*, 495 F.3d 433, 437 (7th Cir. 2007) (finding "an indictment establishes probable cause to believe the defendant [is] guilty of crime, and no more is required to justify instituting a criminal proceeding."). In addition to this, in this case, Defendant was arrested pursuant to both an indictment and an arrest warrant. ECF No. 1; 29. Accordingly, the Court rejects Defendant's argument that evidence must be suppressed because she was unlawfully arrested.

### *2. Suppression Based Upon Government's Alleged Violation of Substantial Evidence Rule*

Anzaldi also argues that the Court should suppress evidence because the Government has violated the substantial evidence rule. The Court finds Anzaldi's argument here misplaced.

The substantial evidence rule is a principle that a reviewing court upholds an administrative body's ruling so long as that ruling is supported by substantial evidence. *Boating Industry Ass'n v. Boyd*, 409 F.2d 408, 411 (7th Cir. 1969). However, the "substantial evidence review of rule- making proceedings . . . is applicable only where the statute requires an agency hearing." *Id.* This is a criminal prosecution and not a case that involves a review of an administrative body. As such, the Court finds

Defendant's arguments here without merit and refuses to suppress any evidence on this basis.

### C. Motion to Quash

Defendant also moves to quash, though what exactly Defendant seeks to quash, the Court is unaware, as Defendant fails to state with any kind of specificity what she seeks to quash. Assuming *arguendo*, she seeks to quash her arrest warrant, indictment, and grand jury bill, the Court denies such motions.

"Normally, a motion to quash an arrest warrant arises on allegation that the warrant was issued improperly." *United States v. Brown*, No. 98-CR-20060, 2012 U.S. Dist. LEXIS 149005 at *2 (N.D. Ill. Oct. 17, 2012). While Defendant fails to specify why the warrant in this case was improperly issued, she does claim that the indictment and the arrest warrant are fatally flawed because "inasmuch *[sic]* as every government is an artificial per *[sic]* an abstraction and a creature of the mind only, a government can interface only with other artificial persons (corporations)." Def.'s Mot. to Quash, Suppress All Evidence, and Dismiss with Prejudice at 2. Defendant goes on to argue that because the indictment in this case is for a corporation created by an artificial entity she cannot accept responsibility. The Court finds these arguments not only lack support, but are also frivolous.

The United States Government is not and never has been an artificial person. Instead the Government is "truly[] a government [comprised] of the people." *U.S. Term Limits, Inc. v. Thorton*, 514 U.S. 779, 821 (1995). It emanates both in form and in substance from the people and "[i]ts powers are granted by them, and are to be exercised directly on them, and for their benefit." *Id.* citing *McCulloch v. Maryland*, 17 U.S. 316, 404 (1819). Accordingly, the Court refuses to quash Defendant's arrest warrant, indictment or true bill on the basis that the Government's only authority is over corporations. Thus, Defendant's motion to quash is denied.

The Court also notes that Defendant's motion contains a number of pages with nonsensical arguments. Specifically, on pages three through sixteen Defendant appears to have copied a list from another work (which strangely starts with number eleven), that she contends supports her arguments for this motion. However, the Court refuses to address nonsensical arguments. *See Morton v. Greer*, 61 F.3d 906, 906 (7th Cir. 1995) (stating that briefs which contain no identifiable argument will be dismissed).

The Court also points out that in her reply brief, Anzaldi levies a handful of additional arguments which purport to provide support for her motions to dismiss, quash, and suppress. The Court declines to address such arguments as these arguments were not properly asserted in Defendant's opening brief. *See White v. United States*, 23 Fed.Appx. 570, 571 (7th Cir. 2001) (stating that

a reply brief "is not the proper vehicle to raise new arguments not presented in an opening brief.").

## IV. CONCLUSION

For the reasons stated herein, the Court denies Defendant Anzaldi's Motion to Dismiss, Motion to Suppress, and Motion to Quash.

**IT IS SO ORDERED.**

						_____
						Harry D. Leinenweber, Judge
						United States District Court

**DATE:** 1/31/2013